**In The Matter of CHELSEA HOTEL CORPORATION, Debtor,**

**Morris Corson and Joseph E. Kaufman, Appellants.**

**No. 12141.**

United States Court of Appeals Third Circuit.

Argued May 13, 1957.

Decided Aug. 23, 1957.

Louis I. Kravitz, Atlantic City, N. J., for appellants.

William F. Hyland, Camden, N. J., for appellee.

Before STALEY and HASTIE, Circuit Judges, and SORG, District Judge.

SORG, District Judge.

This is an appeal from an order of the District Court awarding $12,500.00 as liquidated damages to the Trustee of a debtor corporation for failure to comply with the terms upon which a public sale was postponed at the request of the appellants.

Pursuant to the provisions of a certain plan of reorganization under Chapter 10 of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., assets of the debtor, known as the Chelsea Hotel, were ordered to be sold at public auction in the United States Courtroom, Camden, New Jersey, on August 13, 1956, by order of the United States District Court, dated July 18, 1956. On the day of the proposed sale, postponement thereof was requested of the Court on the basis of a proposed contract of sale whereby the debtor corporation would sell the Chelsea Hotel to a newly formed corporation organized by Joseph E. Kaufman, Zelda Kaufman and Morris Corson, for the sum of $1,750,-

000.00, $450,000.00 of which was to be deposited with the Court in cash to be applied toward payment of an existing first mortgage, to general creditors of the Chelsea Hotel and toward administration fees and expenses of the reorganization proceedings. The postponement was requested so that the stockholders of the debtor corporation might have an opportunity to arrange a settlement among themselves.

At the hearing on the application for postponement, attended by Kaufman and Corson, appellants herein, all parties were advised by the Court that no postponement would be granted, except on condition that provision be made for the payment of the bills of all creditors and all administration fees and expenses in full. The Trustee stated at that time that the sum of $550,000.00 would be required to cover these items. The stockholders maintained that this amount was in excess of the amount required for payment of these items, but it is not contended that they submitted an alternative figure.

The Court also required a deposit of $12,500.00 as security for completion of the sale and final settlement before expiration of the time for which the sale was postponed. This security was deposited with the Clerk of the Court in the form of a certified check, with the stipulation that the amount thereof be paid to the Trustee of the debtor corporation, as liquidated damages in the event of the failure of the parties to meet the terms of the postponement. Both Corson and Kaufman specifically agreed to this deposit and the stipulation, and the sale was postponed to September 10, 1956.

The District Court entered an order on August 28, 1956, including, among other things not here pertinent, the terms of postponement above stated, and requiring payment or security for payment of the mortgage, bills of general creditors, and administration expenses of the debtor corporation in the total amount of $550,000.00 by September 10, 1956.

On September 5, 1956, the Court ordered a stay of proceedings for public sale and set September 19, 1956, as the time for hearing on a petition to approve conveyance in accordance with a contract executed by the stockholders of the debtor corporation providing for payment in cash to the Trustee of the sum of $437,-500.00 in addition to the amount of $12,-500.00 previously deposited, together with a mortgage to the Trustee for $1,-250,000.00. After hearing held on September 19, 1956, the Court entered an order dated September 21, 1956, requiring that certain sworn statements and further guarantees for the payment of debts and expenses in excess of $450,-000.00 be filed within ten days, and that a further hearing be had on October 18, 1956. After this hearing, the required statements and guarantees not having been filed, the Court returned to its original position requiring security for the payment of $550,000.00 by 10 A. M., October 22, 1956.

On October 22, 1956, the Court entered an order denying the petition to approve conveyance as requested, based on the failure of the parties to file the security as ordered. Payment to the Trustee of the sum of $12,500.00 deposited on August 13, 1956, as liquidated damages was also ordered.

Appellants are here seeking the return of the $12,500.00 deposit, contending that:

1. The deposit was made in accordance with the offer contained in the agreement submitted;

2. There was no order by the Court directing that a deposit of $12,500.00 be made;

3. The District Court failed to differentiate (sic) the distinction between stockholders and purchasers; and

4. The District Court imposed unnecessary and burdensome conditions upon stockholders which could not affect purchasers.

█ The record clearly discloses, not only an order of the Court directing the deposit of $12,500.00, but the consent

of the appellants thereto. It is immaterial what the contract between the parties may have provided, or in what capacity the appellants, whether as stockholders or prospective purchasers, sought postponement of the public sale. The terms of the Reorganization Court's approval controlled. Freehill v. Greenfield, 2 Cir., 1953, 204 F.2d 907.

█ The Court could have done no less than it did to protect the creditors in the proceedings before it, and the order requiring payment of the deposit as liquidated damages was in accordance with the proper terms of its order postponing sale at the request of appellants herein.

The order of the District Court will be affirmed.